UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY SHERIFF, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-0378 TLN AC (PS)<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. The Screening Requirement**

　　　The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

1

(3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  The Complaint

Plaintiff brings a complaint that essentially seeks review of several other cases that he brought in this court: Case Nos. 2:16-cv-02538, 2:16-cv-02537, 2:19-cv-1305, and 2:19-cv-1306. ECF No. 1 at 7.  Plaintiff asks the court to "mandate a mediation, and or settlement conference with defendants listed in this a form of appeal to gain due righteous closure." Id.  Plaintiff seeks one hundred billion dollars in damages.  Id. at 6.  All of the previous cases identified in the complaint as grounds for relief are closed cases.

### III. Failure to State a Claim

This complaint must be dismissed with prejudice because plaintiff cannot appeal decisions in other cases by filing a new complaint in the same district court. The correct course of action would be to appeal each individual case to the Court of Appeals for the Ninth Circuit. This court has no jurisdiction to entertain a direct appeal of other closed district court cases. Nor does the court have the power to order mediation or settlement conference in other closed district court cases.

To the extent the plaintiff wishes to re-litigate the facts or claims involved in the identified cases, he is barred from doing so by the principle of res judicata, which prevents a district court from re-hearing decided issues. The legal doctrine of res judicata "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United States v. Tohono of Odham Nation, 131 S.Ct. 1723, 1730 (2011) (internal quotation marks omitted). Res judicata prevents the litigation of claims for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Tahoe–Sierra Preservation Council Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir.2003) (internal quotation marks omitted). Here, it is clear that all elements are met because plaintiff is attempting to directly appeal the cases in question.

Because plaintiff may not bring an appeal in this court, and his damages claims arising from the adjudication of other cases are barred by res judicata, the complaint states no claim upon which relief could be granted. No amendment could cure this defect, and leave to amend should therefore be denied as futile. See Noll, 809 F.2d at 1448.

### IV. Conclusion

Accordingly, plaintiff's request to proceed in forma pauperis (ECF No. 2) is hereby GRANTED.

////

The undersigned further RECOMMENDS that the complaint (ECF No. 1) be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 3, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE